I t EDWARD A. DUFRESNE, Jr., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Paul Martinez, with two counts of obscenity, in violation of LSA-R.S. 14:106. The matter proceeded to trial before a six person jury at the conclusion of which defendant was found guilty of both counts. The trial court sentenced him to three years imprisonment at hard labor on both counts, to run consecutively. The state then filed a multiple offender bill of information alleging that defendant was a third felony offender. After two multiple bill hearings, the trial court found defendant was a multiple offender and sentenced him to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The trial court also ordered that defendant serve six months of his sentence in solitary confinement. Defendant thereafter appealed his two obscenity convictions as well as his enhanced sentence of life imprisonment as a multiple offender. On June 27, 2000, this court, in an unpublished opinion, affirmed defendant’s convictions but vacated his habitual offender sentence | ^because the trial court failed to specify which sentence was being vacated and enhanced. In addition, this court vacated the solitary confinement sentence and remanded the matter for resen-tencing. See State v. Martinez, 00-KA-133, 767 So.2d 982 (La.App. 6 Cir. 6/27/00). On remand, the court sentenced defendant as a multiple offender on both counts to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. It is from the imposition of this sentence that defendant now appeals. He contends that the trial court erred, once again, in failing to designate which of the two sentences was being enhanced. We find no merit to defendant’s argument.
In the present case, the bill of information charged defendant with two counts of obscenity. When the state subsequently filed the multiple bill, it referenced both counts of obscenity by stating that “PAUL MARTINEZ was duly charged in a Bill of Information ... with the crime of violating Lousiana Revised Statute 14:106 (OBSCENITY) (Two Counts), a felony under the law of Louisiana; and that afterwards, on the 18th day of June, 1999, the accused WAS FOUND GUILTY AS CHARGED on both counts, by a petit jury.” When the trial judge sentenced defendant pursuant to our remand, she specified that she was imposing an enhanced sentence on both obscenity counts. In State ex rel Porter v. Butler, 673 So.2d 1106 (La.1991), the Louisiana Supreme Court recognized that “policy considerations support the continued viability of the rule precluding habitual offender enhancement of more than one conviction obtained the same date arising out of a single criminal act or episode.” However, as to multiple convictions obtained the same day which are separate felonies, the court stated:
| ¡/Thus, there is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same day. Where an offender with a prior felony conviction subsequently commits multiple separate felonies and is thereafter convicted of *914 the subsequent felonies, he is subject to being adjudicated a habitual offender as to each conviction. It matters not that the convictions occur on the same date. [State v.]Sherer[ 411 So.2d 1050 (La.1982)],, which involved convictions arising out of a single criminal act, should not be applied to limit enhancement of more than one conviction obtained on the same day arising out of separate criminal offenses committed at separate times.
In the present case, although defendant’s convictions were obtained on the same day, they arose out of separate criminal offenses committed at separate times. Thus, the trial judge did not err in imposing an enhanced sentence on both counts of obscenity. For the reasons set forth herein, we affirm the enhanced sentences of life imprisonment imposed upon defendant.

AFFIRMED.